IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES W. BAILEY, #200 587, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:18-CV-543-ECM |
| | ) | [WO] |
| ALLEN HENDRICKSON, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, William Bailey, an inmate incarcerated at the Holman Correctional Facility in

Atmore, Alabama, brings this 42 U.S.C. § 1983 complaint against Dothan Police Officers Shane

Ash and Terry Nelson, Hartford Police Officer Allen Hendrickson, Houston County Sheriff's

Deputies Scott Langley and Adam Robinson, District Attorney Douglas Valeska, Assistant District

Attorney Narieda Bundy, Sheriff Donald Valenza, Daniel Waddington Cox, Heather Lyn Brown,

the Hartford Police Department, the Dothan Police Department, the Henry County Sheriff's

Department, the Houston County Sheriff's Department, Houston County, Alabama, Geneva

County, Alabama, and the City of Dothan, Alabama.[1] Bailey alleges Defendants violated his

constitutional rights under the Fourth, Sixth, and Fourteenth Amendments, conspired to deprive

him of his constitutional rights, and violated state law claims of false imprisonment, physical and

---

[1] Although the Clerk stamped the present complaint "filed" on May 31, 2018, Bailey signed his *in forma pauperis* affidavit, which was submitted with the complaint, on May 23, 2018.  Thus, it is clear that Bailey had these documents within his possession at such time and therefore could not have submitted them to prison officials for mailing prior to May 23, 2018. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir.1993).  In light of the foregoing and for purposes of the proceedings herein, the court considers May 23, 2018, as the date of filing.

mental abuse, negligence, and prosecutorial misconduct. Bailey requests damages and trial by jury. Upon review, the court concludes dismissal prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

## I.   STANDARD OF REVIEW

Because Bailey is proceeding *in forma pauperis*, the court reviews his complaint under 28 U.S.C. § 1915(e)(2)(B).[2]   Under § 1915(e) (2), a court is required to dismiss a complaint proceeding *in forma pauperis* if it determines that an action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless."[3] *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993); *accord Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that a claim is frivolous "where it lacks an arguable basis either in law or in fact"). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke*, 490 U.S. at 325.  A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id.* at 327, the claim seeks to enforce a right that clearly does not exist, *id.*, or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Courts are accorded "not only the authority to dismiss [as frivolous]

---

[2] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319 (1989), was unaltered. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal*, 251 F.3d at 1348-49.

[3] A complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.  A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

## II. DISCUSSION

Bailey's complaint begins with a preliminary statement which appears to be a recitation of jury instructions regarding the elements necessary to find a conspiracy. Doc. 1 at 6–10. Bailey then sets forth a "statement of facts" in which he alleges: (1) Defendants Brown and Hendrickson engaged in a discussion wherein Hendrickson asked Brown if she would work for him to "set [Bailey] up" so Hendrickson could question Bailey about what may have been confided to him by another individual (James Stuckey) regarding a murder; (2) Defendants Nelson, Hendrickson, Langley, and Robinson engaged in an illegal search of Bailey's and Defendant Brown's home in December of 2004; (3) Bailey was removed from the residence prior to a search being conducted while Defendant Brown was allowed to remain; (4) during Bailey's trial, the court found the search warrant invalid but allowed the State to continue under the good faith exception; (5) Bailey has obtained evidence  that reflects after he was removed from his residence he was transported to the Houston County Jail where Defendant Donald Valenza choked him during an interrogation; (6) "defendants" withheld evidence that Defendant Hendrickson performed his job poorly, was mentally unstable, and a drug user which made him unsuitable to accuse, charge, or render an

opinion regarding any legal matter; (7) District Attorney Valeska and the Sheriff of Houston County violated his constitutional rights by improperly withholding Hendrickson's employment termination letter during inspection of Hendrickson's personnel file; (8) Defendant Bundy engaged in prosecutorial misconduct by removing a transcript between Defendant Brown and Hendrickson from the official file and placing it in a work product folder; and (9) Defendants Donald Valeska, Nelson, Hendrickson, and Cox conspired to obtain privileged attorney-client communications by taking his attorney's phone during a Rule 32 hearing which violated his Sixth Amendment "rights attorney client privilege." Based on the foregoing, Bailey claims:

> 1. Defendants Houston County, Douglas Valeska, and Assistant Attorney Narieda Bundy, intentionally withheld documents that clearly show Defendants Hendrickson and Brown conspired to entrap and fraudulently charge Bailey with a fabricated crime.

> 2. Defendant Bundy violated Bailey's constitutional rights when she instructed Defendant Hendrickson to hide, remove, and/or withhold the transcript between himself and Defendant Brown.

> 3. Defendant Hendrickson, while employed at the Hartford Police Department, made false and misleading statements that violated attorney-client privilege.

> 4. Defendants Henry County, Houston County, Dothan Police Department and Hartford Police Department are responsible for the actions of their employees and liable for failing to intervene or stop their violations.

Doc. 1 at 15.

Bailey's complaint is not a picture of clarity. It sets forth a variety of allegations against seventeen defendants regarding matters which appear to be associated with his state criminal and post-conviction proceedings in the Circuit Courts for Houston and/or Henry Counties, Alabama. Bailey requests damages, "not relief for the charges," for what he maintains are "clear violations of [his] constitutional rights." Doc. 1 at 16.

Although Bailey identifies no specific charges or offenses regarding the claims presented, the court takes judicial notice of its own records,[4] the online Alabama Trial Court System (www.alacourt.com), and the Alabama Department of Corrections' website (www.doc.state.al.us) which show Bailey was convicted of murder in the Circuit Court for Henry County, Alabama, on November 19, 2008, and sentenced on December 19, 2008, to life imprisonment without parole. *See Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) ("We take judicial notice of [the state's] Online Judicial System.") (citing Fed. R. Evid. 201);  *see also Bailey v. Patterson*, Civil Action No. 1:13-cv7-WHA-TFM (M.D. Ala.) (stayed). Prior to that conviction, a jury before the Circuit Court for Houston County convicted Bailey on May 14, 2008, for trafficking in methamphetamine, first degree unlawful manufacturing of a controlled substance, and possession of precursor materials. *See Bailey v. Patterson*, Civil Action No. 1:11-CV-321-WHA-TFM (M.D. Ala. 2014). For those offenses, the trial court sentenced Bailey on June 17, 2008, as a habitual offender to concurrent sentences of life imprisonment for the trafficking and manufacturing convictions and a consecutive sentence of eighteen years imprisonment for possessing precursor materials. *Id.*

As noted, Bailey names numerous defendants to this cause of action including district attorneys, police departments, sheriff's departments, counties, a city, private actors, and police officers. The gist of Bailey's complaint appears to be an attempt to challenge the named

---

[4] In screening Bailey's complaint, the court may properly take judicial notice of pleadings and orders in a previous case when the orders are public records and are "not subject to reasonable dispute because they [are] capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010); Fed.R.Evid. 201(b); *Navarro v. City of Riviera Beach*, 192 F. Supp. 3d 1353, 1364 (S.D. Fla. 2016) (internal quotation marks and citation omitted) ("Courts may take judicial notice of public records, such as a pleading filed in another court, because such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

defendants' involvement or association with matters related to his state court criminal proceedings and/or his efforts to dispute the validity thereof.

**A.     District Attorney Douglas Valeska and Assistant District Attorney Narieda Bundy**

Bailey alleges Defendants Douglas Valeska and Narieda Bundy withheld documents which reflected Defendants Hendrickson and Brown engaged in a conspiracy to entrap and charge Bailey with a fabricated crime. To the extent Bailey challenges these defendants' conduct in initiating and prosecuting criminal charges against him, he is entitled to no relief. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). "The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998). This immunity is applicable even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord, Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978).

To the extent Bailey's complaint against Defendants Douglas Valeska and Bundy concern actions which arise from these defendants' roles "as [] advocate[s]' for the state," such actions are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676 (citations omitted). Defendants Douglas Valeska and Bund are, therefore, "entitled to absolute immunity for that conduct." *Id*. Further, the court notes Bailey would not be entitled to declaratory or injunctive relief in this § 1983 complaint for any adverse action taken during the state court

proceedings related to his criminal proceedings before the Circuit Courts for Houston and Henry Counties. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486–87 (1983); *Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982). In light of the foregoing, Bailey's complaint for damages against Defendants Douglas Valeska and Bundy is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) & (iii). *Neitzke*, 490 U.S. at 327.

## B.   Sheriff's Departments and Police Departments

Bailey names as defendants the Dothan Police Department, the Hartford Police Department, the Henry County Sheriff's Department, and the Houston County Sheriff's Department. To allege a viable § 1983 claim, a plaintiff must name as a defendant an entity subject to being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held." *Id*. Both federal and state law are well settled that a county sheriff's department is not a legal entity subject to suit or liability. *Id*.; *White v. Birchfield*, 582 So.2d 1085, 1087 (Ala. 1991). The Alabama Supreme Court has made it equally clear that other "departments and subordinate entities of municipalities, counties and towns[,]" such as police departments, "lack[ ] the capacity to sue or be sued." *Ex parte Dixon*, 55 So.3d 1171, 1172 n.1 (Ala. 2010). Based on the foregoing, the court concludes that the Dothan Police Department, the Hartford Police Department, the Henry County Sheriff's Department, and the Houston County Sheriff's Department are not legal entities subject to suit. Bailey's complaint against these defendants is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

**C.**     **The City of Dothan and Geneva and Houston Counties**

Bailey names the City of Dothan, Geneva County, and Houston County as defendants.[5] Section 1983 imposes liability on a municipality only if it deprives a plaintiff of rights protected by the Constitution or federal law under an official municipal policy.   *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).   Additionally, governmental entities such as cities and counties cannot be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior*.  *Id.* at 694; *Canton v. Harris*, 489 U.S. 378, 385 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under 19§83."). Here, Bailey does not sue the City of Dothan, Geneva County, or Houston County for any policy, practice, or custom that violated his civil rights nor may these defendants be held liable under § 1983 simply because they employ a tortfeasor. *See Monell,* 436 U.S. at 691. Further, other than naming the City of Dothan and Geneva County as defendants, Bailey makes no allegations against these entities.  *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (holding that a court properly dismisses defendants where a prisoner, other than naming the defendant in the caption, states no allegations that associate the defendants with the alleged constitutional violation); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam). Bailey's claims against the City of Dothan, Geneva County, and Houston County are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.**     **Sheriff Donald Valenza**

Bailey alleges that after he was removed from his residence on December 22, 2004, he was taken to the Houston County Jail and has obtained evidence "that shows the appearance of [his]

---

[5] Bailey references Henry County in the body of his complaint but failed to name this county as a defendant. *See* Doc. 1 at 5, 15. Even if the court considered Bailey's complaint as naming Henry County as a defendant, it would be subject to dismissal for the reasons stated in the Recommendation.

claim that Donald Valenza did choke [him] during an interrogation in violation of [his] [F]ourth [A]mendment constitutional rights." Doc. 1 at 13. Bailey's reference to having obtained evidence which shows the appearance of Sheriff Valenza subjecting him to excessive force is unclear. He would, however, been aware of this conduct when it happened even if he also later acquired other unidentified evidence of such.

To the extent Bailey seeks to challenge the legality of Sheriff Valenza's conduct and or actions during an interrogation in 2004, the claim is barred by the statute of limitations applicable to actions filed by an inmate under 42 U.S.C. § 1983.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). Selection of a limitations period for § 1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981). It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (Jones II).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). When Bailey filed the instant complaint, the statute of limitations for actions brought under 42 U.S.C. § 1983 was two years. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l).

Although the state statute of limitations applies, the time of accrual is a federal question. *See Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975). The running of the statute of limitations begins when Bailey knows or has reason to know of his injury. *Id.*

Here, Bailey should have known of his injury on December 22, 2004, when Sheriff Valenza allegedly choked him during an interrogation.   Because Bailey failed to file this complaint until over two years after this time, the statute of limitations now bars consideration of this claim.  This claim is, therefore, subject to dismissal as frivolous under the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark*, 915 F.2d at 640 n.2 (in an action proceeding *in forma pauperis* under § 1983, the court may consider, *sua sponte*, affirmative defenses apparent from the face of the complaint); *see also Neitzke,* 490 U.S. 319.

**E.      Inspection of Personnel Records**

Bailey alleges that during an *in camera* inspection of Defendant Hendrickson's personnel file, Sheriff Valenza and the Houston County District Attorney's office violated his constitutional rights by withholding an employment termination letter regarding Defendant Hendrickson which, Bailey claims, reflected Defendant Hendrickson's unsuitability to accuse, charge, or render an opinion in the assistance of any legal matter. Bailey provides no context for this claim much less how it violated any constitutional right to which he is entitled.

To state a claim for relief under § 1983, a plaintiff must allege an act which deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States, committed by a person acting under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).  Bailey cannot rely on subjective suspicions and unsupported speculation but must provide sufficient facts to show how the conduct or actions of a defendant allegedly amounted to a violation of his constitutional rights. *Iqbal,*556 U.S. 678 (internal quotation marks and citation omitted) (holding a complaint is insufficient  if it "tenders naked assertions devoid of further factual enhancement.").  The complaint, ultimately, is required to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

With this claim, the court finds Bailey fails to allege infringement of any constitutional right to which he is entitled based on the conduct he attributes to Sheriff Valenza. The claim is, therefore, due to be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

**F.      Illegal Search**

Bailey maintains Defendants Nelson, Hendrickson, Langley, and Robinson engaged in an illegal search of his and Defendant Brown's residence in December of 2004. Bailey states he was removed from the residence prior to any search being conducted and taken to the Houston County Jail. Again, Bailey provides no context or factual support for this claim and, as explained, he is incarcerated on separate convictions for drug offenses and murder.

A complaint is required to contain "enough facts to state a claim to relief which is plausible on its face." *Twombly,* 440 U.S. at 570. A complaint, therefore, must clearly describe how each named Defendant is involved in the alleged federal constitutional violations against only him and must provide support in the statement of facts for the claimed violations. A court need not accept a plaintiff's legal conclusions as true. *Iqbal,* 556 U.S. at 678. Other than alleging in conclusory and general fashion that his residence was subjected to an illegal search, Bailey pleads no factual content which "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  It is not sufficient to merely allege a defendant violated a constitutional right. "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint is insufficient if it "tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678.

Assuming, *arguendo,* Bailey's Fourth Amendment claim against Defendants Nelson, Hendrickson, Langley, and Robinson is not subject to dismissal as untimely, *see e.g.*, *Hafez v.*

*Madison*, 348 Fed. App'x 465, 467 (11th Cir. 2009) (unpublished) (finding the facts giving rise to the plaintiff's claims for pre-arrest searches and for the prosecutor giving false information to immigration officials should have been apparent to him and thus the statute of limitations barred these claims), or barred by the rule of *Heck v. Humphrey,* 512 U.S. 477, 487 & n.7 (1994) (recognizing situations where a favorable ruling on a claim based on an unreasonable search and seizure may not invalidate an outstanding criminal conviction), his conclusory assertion regarding an alleged illegal search and seizure is unsupported by any specific factual allegations. *See Chappell v. Rich,* 340 F.3d 1279, 1282–84 (11th Cir. 2003) (holding dismissal of § 1983 complaint proper where plaintiff's factual allegations were insufficient to support the alleged constitutional violation).   The claim is, therefore, insufficient to state a claim under § 1983 and due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii); *Iqbal, supra.*

## G.    Attorney Client Privilege

### i.    Conspiracy

Bailey claims that at a state post-conviction hearing Defendants Donald Valeska, Nelson, Hendrickson, and Cox conspired to obtain attorney-client privileged conversations when they obtained his attorney's phone "and electronic info[rmation] thr[ough] a false accusation of threatening a witness." Doc. 1 at 14. To establish a § 1983 conspiracy, "a plaintiff must show among other things, that the defendants reached an understanding to violate [his] rights." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir.2002) (internal quotation marks and citation omitted) (brackets in original). "[A] conclusory allegation of agreement at some unidentified point does not supply facts adequately to show illegality. . . [T]hey must be placed in the context that raises the suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action." *Twombly*, 550 U.S. at 557.

The court has carefully reviewed Bailey's claim of a conspiracy.  His assertions are self-serving, purely conclusory allegations that not only fail to assert those material facts necessary to establish a conspiracy by the defendant state actors but also between the defendant state actors and Defendant Cox such that Defendant Cox is transformed into a state actor.  *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (to properly state a claim for relief based on a conspiracy between private individuals and state actors, a plaintiff must plead that the offending parties "reached an understanding" to deny the plaintiff his constitutional rights); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" acts, without showing contacts between private persons and state actors which could prove these parties "reached an understanding" to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy); *Tower v. Glover*, 467 U.S. 914, 920 (1984).

Here, Bailey alleges no facts suggesting a conspiracy or an agreement other than seemingly contending Defendants Donald Valeska, Nelson, Hendrickson, and Cox had a common goal, scheme, or purpose to violate his constitutional rights during his state court criminal proceedings. His use of the word "conspired" regarding the actions of these defendants about which he complains is insufficient to state a conspiracy claim nor do his allegations allow the court to draw the conclusion that a conspiracy claim is plausible. *Iqbal*, 129 S.Ct. at 1949. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (holding that a conspiracy allegation that is vague and conclusory fails to state a claim upon which relief can be granted and may be dismissed). This claim is due to be dismissed.  *Iqbal*, 556 US. 678; *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557; 28 U.S.C. § 1915(e)(2)(B)(ii).

### ii.       Standing

To the extent Bailey's challenge amounts to an attempt by him to litigate a matter to which his attorney was subjected during a state court proceeding, the court finds he lacks standing to assert the constitutional rights of other persons.[6]  *McGowan v. Maryland*, 366 U.S. 420, 429 (1961), *citing United States v. Raines*, 362 U.S. 17, 22 (1960) ("[A] litigant may only assert his own constitutional rights or immunities."). A plaintiff must assert a legally cognizable injury in fact, whether real or threatened, before federal courts have jurisdiction.  *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 218-19 (1974).  While a *pro se* inmate may "plead and conduct" his own claims in federal court, 28 U.S.C. § 1634, he has no concomitant right to litigate the claims of other individuals.  The competence of a layman is "clearly too limited to allow him to risk the rights of others."  *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Hummer v. Dalton*, 657 F.2d 621 (4th Cir. 1981); *Ethnic Awareness Organization v. Gagnon*, 568 F. Supp. 1186 (E.D. Wis. 1983); *Inmates, Washington County Jail v. England*, 516 F. Supp. 132 (E.D. Tenn. 1980), *affirmed*, 659 F.2d 1081 (6th Cir. 1981).

Standing involves two aspects.  The first is the minimum "case or controversy" requirement of Article III.  This requirement mandates Bailey himself suffer actual or threatened injury resulting from the action challenged and that such injury is likely to be redressable in a judicial action.  *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  In addition, the Supreme Court has established several requirements based on prudential considerations.  *See Id*. The prudential limitation

---

[6] The court takes judicial notice of court records which reflect Bailey's attorney filed a complaint in this court challenging the actions of an investigator employed with the Dothan Police Department who she complains improperly took her cell phone following a hearing in the Circuit Court for Henry County in October 2016 where she appeared on behalf of Bailey. *Robinson v. Ash,* Civil Action No. 1:16-cv879-WKW-DAB (M.D. Ala.).

applicable in this case is that a litigant may not assert the legal rights or interests of another person. *Allen v. Wright*, 468 U.S. 737, 751 (1984).

Here, to the extent Bailey is not "asserting his . . . own legal rights and interests [but] rather . . . the legal rights and interests of [a] third part[y]," *Saladin*, 812 F.2d at 690, his contention that his attorney's phone was improperly confiscated by the above-named defendants alleges "infringement of a legal interest which clearly does not exist." The claim is, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 327.

### iii.    Sixth Amendment

Bailey maintains the attorney-client privilege was infringed when Defendants Douglas Valeska, Nelson, Hendrickson, and Cox obtained his attorney's cell phone at a post-conviction hearing. Bailey alleges this phone contained data ("electronic info") regarding an accusation of counsel threatening/intimidating a witness, including a recorded phone conversation between Bailey and Defendant Cox containing an admission by "Mrs. Cox [that] she was not threatened or co[]erced by [Bailey's] attorney." Doc. 1 at 14–15. Bailey asserts that Defendant Ash admitted that the above-named defendants' "intrusion" into counsel's phone was to determine what Bailey and his attorney were talking about for an upcoming hearing. *Id.* at 14–15; Doc. 1-7.

Initially, the court notes no federal constitutional privilege protects confidential communications between a defendant and his attorney. *Bradt v. Smith*, 634 F.2d 796, 800 (5th Cir. 1981) (In the context of a civil action in state court, "the attorney-client privilege constitutes an evidentiary privilege that is secured by state law, and not by the Constitution or laws of the United States. As a creature of state law, the attorney-client privilege cannot be asserted as a basis for recovery under § 1983.") (citations omitted);[7] *Howell v. Trammell*, 728 F.3d 1202, 1222 (10th

---

[7] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

Cir. 2013) (citations omitted) ("[S]tanding alone, the attorney-client privilege is merely a rule of evidence; it has not yet been held a constitutional right."); *Dye v. Hofbauer*, 197 Fed. App'x. 378, 383 (6th Cir. 2006) ("The attorney-client privilege is a creation of the common law, and a violation of this privilege generally does not constitute" a constitutional violation.).  Considering the Fifth and Sixth Amendments together, however, an individual accused of a crime appears to have a right to attorney-client privilege. *Howell*, 728 F.3d at 1222.

Here, Bailey asserts his Sixth Amendment right was violated based on a violation of the attorney-client privilege but makes no allegation nor is there any indication that he suffered any injury or prejudice in relation to any state court criminal proceeding or that the prosecution benefited as a result of the interception of the information described. *Weatherford v. Bursey,* 429 U.S. 545, 549 (1977) (without "at least a realistic possibility of injury to [the defendant] or benefit to the State, there can be no Sixth Amendment violation."); *United States v. Cronic,* 466 U.S. 648, 658 (1984) ("Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated"). Further, the court takes judicial notice of an affidavit signed by Bailey and submitted in an opposition brief filed by the plaintiff in *Robinson v. Ash,* Civil Action 1:16-cv879-WKW (M.D. Ala.) (Doc. 51-7 at 7–8), which brings into question whether the recorded phone information referenced by Bailey in the instant matter constitutes a privileged communication. According to that affidavit, Bailey, while posing as an "internal affairs" agent, spoke to Daniel Widdington[8] on a 3-way recorded call where  Widdington stated she was intimidated, not threatened, by Bailey's counsel coming to her home and that she did not want testify at Bailey's hearing. *Id.  See Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386,

---

[8] Bailey refers to his individual variously as Danielle, Daniel, Daniel Widdington, and Daniel Waddington Cox.

1414 (11th Cir. 1994) (The attorney-client privilege protects the "disclosures that a client makes to his attorney, in confidence, for the purpose of securing legal advice or assistance."). Finally, even if Bailey could make a showing of prejudice as a result of the alleged intrusion of his attorney's phone, in the event he seeks to challenge the validity of his conviction or sentence as a result of such conduct, § 1983 may not be "used to make an end run around habeas corpus procedures." *Foster v  Kassulke,* 898 F.2d 1144,1148 (6th Cir. 1990); *see also Younger v. Harris*, 401 U.S. 37, 43–44 (1971); *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In light of the foregoing, the court concludes this claim is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## H.    Application of *Heck v. Humphrey* Decision

Although Bailey pursues this matter under 42 U.S.C. § 1983 and states he does not seek "any relief for the charges," to the extent he presents claims which allege or suggest he would not have been convicted of the crimes on which he is incarcerated but for the constitutional violations about which he complains, *e.g.*, prosecutorial misconduct, conspiracy to entrap and fraudulently charge him with a fabricated crime, such claims are not appropriate in this proceeding.  In *Preiser v. Rodriquez*, 411 U.S. 475, 490 (1973), the Supreme Court held that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Regardless of the label Bailey assigns to his cause of action, claims that his constitutional rights have been violated by the actions of the defendants because their actions essentially affected the outcome of his state court criminal proceedings must be pursued through habeas corpus. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck*, 512 U.S. 477; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior

invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (. . .)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483–489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487; *Balisok*, 520 U.S. at 646–648. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [sentence] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), *citing Balisok*, 520 U.S. at 646–648.

The law is settled that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" the basis for his incarceration. *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on [the constitutionality of his confinement] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). The rule of *Heck* is not limited to a request for damages but equally applies to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dept. of Corrections*, 75 F.3d

330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge."). In *Balisok*, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

To the extent a judgment for Bailey in this cause of action would imply the invalidity of his convictions and/or sentences on which he is incarcerated, the court takes judicial notice of court records previously cited which reflect the convictions and/or sentences on which Bailey is incarcerated have not been invalidated in an appropriate proceeding.  Consequently, to the extent this proceeding amounts to a collateral attack on those convictions and/or sentences, such is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok*, 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490; *Abella v. Rubino*, 63 F.3d 1063, 1066 n. 4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."); *Dyer v. Lee*, 488 F.3d 876, 880 (11th Cir. 2007) (*citing Preiser*, 411 U.S. at 490) ("Allowing § 1983 to do the work of habeas would create an end-run around the procedures of § 2254."); *Wilkinson*, 544 U.S. at 81 ("Throughout the legal journey from *Preiser* to *Balisok*, the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody."). Such attack is, therefore, subject to summary dismissal by this court under 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. State Law Claims**

To the extent Bailey seeks to invoke the supplemental jurisdiction of this court regarding his claims for false imprisonment, physical and mental abuse, negligence, and prosecutorial misconduct, he is entitled to no relief. *See* Doc. 1 at 6. Review of pendent state law claims is only appropriate upon exercise of this court's supplemental jurisdiction over a related constitutional claim.  In the posture of this case, however, the court concludes that exercising supplemental jurisdiction is inappropriate.

For a federal court "[t]o exercise [supplemental] jurisdiction over state law claims not otherwise cognizable in federal court, the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a common nucleus of operative fact." *L.A. Draper and Son v. Wheelabrator Frye, Inc*., 735 F.2d 414, 427 (11th Cir. 1984) (internal quotation marks and citations omitted).  The exercise of supplemental jurisdiction is discretionary.  *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).  "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims."  *L.A. Draper and Son*, 735 F.2d at 428.  In view of this court's resolution of the federal claims presented in the complaint, Plaintiff's supplemental state tort claims are due to be dismissed.  *Gibbs*, 383 U.S. at 726 (if the federal claims are dismissed prior to trial, the state claims should be dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's § 1983 claims in ¶¶ II(A), II(B), and II(G)(ii) be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) and/or (iii);

2. Plaintiff's § 1983 claims in ¶¶ II(C), II(E), II(F), & II(G)(i) and (iii), and II(H) be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

3. Plaintiff's § 1983 claims challenging events which occurred on or before December 22, 2004 (*see* ¶ II(D)), be DISMISSED with prejudice  under 28 U.S.C. § 1915(e)(2)(B)(i) as Plaintiff failed to file the complaint regarding  this allegation within the time prescribed by the  applicable statute of limitations;

4. Plaintiff's § 1983 complaint, to the extent it challenges to the constitutionality of the convictions and/or sentences on which he is incarcerated (*see* ¶ II(I)), be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time; and

5. Plaintiff's supplemental state law claims (*see* ¶ II(J)) be DISMISSED without prejudice.

6. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i–iii).

 It is

ORDERED that **on or before October 9, 2018**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 24th day of September 2018.


/s/ Wallace Capel, Jr.                           
CHIEF UNITED STATES MAGISTRATE JUDGE